**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Protective Life Insurance Company, a Tennessee Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Peter Mizioch, an Arizona resident; The Estate of Phyllis A. Mizioch; Jimmy Ray Montoya, an Arizona resident; Mark Casey Montoya, an Arizona resident; Russell Lynn Montoya, an Arizona resident,<br><br>    Defendants.<br><br>Peter Mizioch, an Arizona resident,<br><br>    Cross-Claimant,<br><br>vs.<br><br>Jimmy Ray Montoya, an Arizona resident; Mark Casey Montoya, an Arizona resident; Russell Lynn Montoya, an Arizona resident,<br><br>    Cross-Defendants.<br><br>Mark Casey Montoya, an Arizona resident; Russell Lynn Montoya, an Arizona resident,<br><br>    Cross-Claimants,<br><br>vs.<br><br>Peter Mizioch, an Arizona resident,<br><br>    Cross-Defendant. | No. 2:10-CV-01728-PHX-JAT (Lead)<br>No. 2:10-CV-02341-PHX-ROS (Cons)<br><br>**ORDER** |

On August 1, 2011, the Court granted Mr. Mizioch's Motion for Partial Summary Judgment on his Cross-Claims for Declaratory Relief. (Doc. 210.) The Court found that the Montoyas did not meet their burden of establishing material fact issues exist as to Mr. Mizioch's entitlement to the Policies' proceeds. The Court therefore vacated the Arizona slayer statute hearing set for September. Finding no just reason for delay, the Court ordered the Clerk to enter Judgment for Mr. Mizioch on his Cross-Claims for Declaratory Relief. (Doc. 214.) The Clerk duly entered Judgment for Mr. Mizioch on August 8, 2011. (Doc. 215.)

The Montoyas filed a Motion for Reconsideration of the Court's Order granting Mr. Mizioch's Motion for Partial Summary Judgment on the Declaratory Relief claims on August 8, 2011. (Doc. 216.) The Montoyas argue that the Court should grant their Motion for Reconsideration based on evidence received by the Montoyas' counsel on August 4, 2011. In their Motion, the Montoyas also point out that the new evidence comes from a person who had been a secretary/paralegal at two firms that formerly employed the undersigned.[1] The Montoyas further move to stay execution of the Court's August 1, 2011 Order and the Clerk's Judgment of August 8, 2011 for a minimum of thirty days.

## **MOTION FOR RECONSIDERATION**

Reconsideration is appropriate only if: (1) the Court is presented with newly discovered, previously unavailable, evidence; (2) the Court committed a clear error of law and the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993). The Court ordinarily will deny "a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that

---

[1] The Montoyas do not move to recuse the undersigned, but "assume the Court will do what is appropriate" given that Ms. Bieleniewicz worked for a firm that also used to employ the undersigned. (Doc. 216, p.8.) The undersigned finds absolutely no basis for recusal and rejects any suggestion to that effect.

- 2 -

could not have been brought to its attention earlier with reasonable diligence." L.R.Civ.P. 7.2(g)(1).

The basis for the Montoyas' Motion for Reconsideration is newly discovered, previously unavailable evidence. Karen Bieleniewicz, a sister of James Bieleniewicz, called Montoyas' counsel on August 4, 2011 with information about James Bieleniewicz and his past dealings with Mr. Mizioch. Counsel met with Ms. Bieleniewicz, in the presence of private investigators Jonathan and Clint Colvin, on August 5, 2011. Ms. Bieleniewicz agreed to meet with counsel again on August 6, 2011 to discuss and possibly sign a Declaration, but she canceled the August 6 meeting because of fears for her safety.

To summarize, Ms. Bieleniewicz offered the following information: 1) her brother, James Bieleniewicz, had a gambling problem that resulted in borrowing $200,000 from Mr. Mizioch in 1999; 2) Mr. Mizioch sent two men to collect the debt, and those men "roughed up" Mr. Bieleniewicz; 3) Mr. Bieleniewicz took out a second life insurance policy on Ronald Bianchi, a business associate of Mr. Mizioch who was murdered in September of 1999, and the proceeds of that policy were used to repay Mr. Mizioch; 4) Mr. Bieleniewicz knew that Mr. Bianchi would be murdered before Mr. Bianchi was killed in September of 1999; and 5) Ms. Bieleniewicz secured an Order of Protection against Mr. Bieleniewicz after he threatened her life in December of 2009.

The Montoyas offer the unsworn statements of Ms. Bieleniewicz in support of their Motion for Reconsideration. Even if the Court ordered Ms. Bieleniewicz to testify or if she willingly offered a Declaration, her testimony regarding what her brother told her, the only information that is potentially relevant to this case, is inadmissible hearsay. Leaving aside hearsay issues, the fundamental problem with the newly discovered evidence is that it does not create a material issue regarding Mr. Mizioch's responsibility for the murder of Phyllis Mizioch. Nor does it even offer proof of Mr. Mizioch's responsibility for the murder of Mr. Bianchi.

Because the Montoyas' newly discovered evidence does not create an issue of fact regarding Mr. Mizioch's responsibility for the death of Phyllis Mizioch, the Court will not vacate its earlier Order awarding Partial Summary Judgment to Mr. Mizioch on his Cross-Claims for Declaratory Relief.

The Montoyas filed a Motion for Accelerated Hearing on the Motion for Reconsideration on August 10, 2011. (Doc. 218.) Because the Montoyas submitted a memorandum in support of their position and oral argument would not have aided the Court's decisional process, the Court will not set oral argument on the Motion for Reconsideration. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). The Court therefore will deny the Motion for Accelerated Hearing as moot.

## **MOTION TO STAY**

The Montoyas ask the Court to stay execution of the Judgment for Mr. Mizioch on his Cross-Claims for Declaratory Relief for a minimum of thirty (30) days. The Montoyas do not cite to any law, only ask for the stay so certain authorities can consider the new evidence. The Court understands the Montoyas' concerns about having trouble recovering any disbursed interpleader funds if the Montoyas ultimately prevail on appeal.

Because, after finding no just reason for delay, the Court has entered Judgment for Mizioch on the Declaratory Relief Cross-Claims, the Montoyas can immediately appeal that decision to the Ninth Circuit Court of Appeals. The Court therefore will entertain briefing, with legal citations, regarding whether the Court should stay disbursement of the interpleader funds pending that appeal. The Montoyas shall have until September 1, 2011 to file a legally support Motion to Stay. Mr. Mizioch shall have the time allotted by the Rules to respond, and the Montoyas may file a reply in support. This Order does not stay the Montoyas' time for filing an appeal.

Accordingly,

**IT IS ORDERED** GRANTING the Motion for Reconsideration (Doc. 216), but DENYING the relief requested.

**IT IS FURTHER ORDERED** GRANTING the Montoyas' Motion to Stay (Doc. 216). The Court will not order disbursement of the proceeds of the Policies until after the Court rules on the forthcoming motion to stay briefing.

**IT IS FURTHER ORDERED** DENYING the Montoyas' Motion for Accelerated Hearing (Doc. 218) as moot.

DATED this 11th day of August, 2011.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge