1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   Protective Life Insurance Company, a)        No. 2:10-CV-01728-PHX-JAT (Lead)
    Tennessee Corporation,                    )   No. 2:10-CV-02341-PHX-ROS (Cons)
10                                             )
                    Plaintiff,                 )   **ORDER**
11                                             )
    vs.                                        )
12                                             )
    Peter Mizioch, an Arizona resident; The)
13  Estate of Phyllis A. Mizioch; Jimmy Ray)
    Montoya, an Arizona resident; Mark)
14  Casey Montoya, an Arizona resident;)
    Russell Lynn Montoya, an Arizona)
15  resident,                                  )
                                               )
16                  Defendants.                )
                                               )
17  _____)
    Peter Mizioch, an Arizona resident,       )
18                                             )
                    Cross-Claimant,            )
19                                             )
    vs.                                        )
20                                             )
    Jimmy Ray Montoya, an Arizona resident;)
21  Mark Casey Montoya, an Arizona)
    resident; Russell Lynn Montoya, an)
22  Arizona resident,                          )
                                               )
                    Cross-Defendants.          )
23  _____)
    Mark Casey Montoya, an Arizona)
24  resident; Russell Lynn Montoya, an)
    Arizona resident,                          )
25                                             )
                    Cross-Claimants,           )
26                                             )
    vs.                                        )
27                                             )
    Peter Mizioch, an Arizona resident,        )
28                                             )

1 | _____ Cross-Defendant. _____ )
)
2 | AXA Equitable Life Insurance Company,)
a New York Stock Company,                )
3 |                                                            )
          Plaintiff,                                       )
4 |                                                            )
vs.                                                          )
5 |                                                            )
Peter Mizioch, an Arizona resident; The)
6 | Estate of Phyllis A. Mizioch; Jimmy Ray)
Montoya, an Arizona resident; Mark)
7 | Casey Montoya, an Arizona resident;)
Russell Lynn Montoya, an Arizona)
8 | resident,                                                )
)
9 |          Defendants.                                )
_____)
10 | Peter Mizioch, an Arizona resident,      )
)
11 |          Cross-Claimant,                           )
)
12 | vs.                                                        )
)
13 | Jimmy Ray Montoya, an Arizona resident;)
Mark Casey Montoya, an Arizona)
14 | resident; Russell Lynn Montoya, an)
Arizona resident,                                    )
15 |                                                            )
          Cross-Defendants.                        )
16 | _____)

17    Currently pending before the Court is the Montoyas' Motion for Relief From

18 Judgment (Doc. 255). The Court denies the Motion because it lacks jurisdiction to decide

19 the Motion.

20                          **PROCEDURAL BACKGROUND**

21    The Court will not recount the full factual background of the case here, but will

22 instead recount only the procedural history pertinent to the pending Motion. Mr. Mizioch

23 cross-claimed for declaratory relief against the Montoyas.  In those cross-claims, Mr.

24 Mizioch alleges that, having made all annual premiums on the Protective Life and AXA

25 policies (the "Policies"), he is the legal beneficiary of their proceeds.  He argues that

26 disqualification under the Arizona slayer statute is the only reason he would not be entitled

27 to the Policies' proceeds and: 1) the Montoyas failed to petition the Court to make findings

28

1    under the slayer statute as required by A.R.S. §14-2803(F) and 2) there is insufficient
2    evidence as a matter of law to disqualify Mr. Mizioch under the slayer statute.

3        On August 1, 2011, the Court granted Mr. Mizioch's Motion for Partial Summary
4    Judgment (Doc. 82) as to his claims for declaratory relief against the Montoyas. (Doc. 210.)
5    Because the Montoyas did not properly respond to Mr. Mizioch's Statement of Facts in
6    Support of his Motion for Partial Summary Judgment, the Court deemed his Statement of
7    Material Facts admitted for purposes of the Motion for Partial Summary Judgment.  The
8    Court therefore accepted Mr. Mizioch's time line of events for the day of Phyllis's murder,
9    as well as his statement that he had nothing to do with her death.  The Court consequently
10   found that for the purposes of the Motion for Partial Summary Judgment on claims for
11   declaratory relief, the Montoyas had not met their burden of demonstrating an issue of
12   material fact existed regarding Mr. Mizioch's responsibility for Phyllis's death.  The Court
13   therefore granted partial summary judgment to Mr. Mizioch and vacated the Arizona slayer
14   statute hearing.

15       Finding no just reason for delay, the Court directed the Clerk to enter final judgment
16   for Mr. Mizioch on his cross-claims for declaratory relief against the Montoyas. (Doc. 214.)
17   The Clerk entered Judgment on August 8, 2011.  (Doc. 215.)

18       Also on August 8, 2011, the Montoyas filed a Motion for Reconsideration of the
19   Court's Order granting partial summary judgment to Mr. Mizioch.  The Court granted the
20   Motion for Reconsideration, but denied the Montoyas' requested relief from the August 12,
21   2011 Order.  (Doc. 219.)  The Montoyas filed a Notice of Appeal from the Judgment on
22   September 6, 2011.  (Doc. 229.)  The Montoyas then filed a Motion for Relief from the
23   Judgment in this Court on November 8, 2011.  (Doc. 255.)

24                          **ANALYSIS AND CONCLUSION**

25       Once a notice of appeal is filed, this Court is divested of jurisdiction over the matters
26   being appealed. *Nat'l Resources Defense Council v. Southwest Marine Inc.*, 242 F.3d 1163,
27   1166 (9th Cir. 2001).  Divestiture of jurisdiction promotes judicial economy and avoids the

28                                    - 3 -

1  confusion that could result from having the same issues before two courts simultaneously.

2  *Id.*[1]

3         But the filing of certain motions tolls the effective date of a notice of appeal.  Federal

4  Rule of Appellate Procedure 4(a)(4)(B)(1) provides that if a party files a notice of appeal

5  after entry of judgment, but before the Court disposes of any of the motions listed in Federal

6  Rule of Appellate Procedure 4(a)(4)(A), then the notice of appeal does not become effective

7  until the court disposes of the last of those remaining motions.  The Rule 4(a)(4)(A) motions

8  are motions: for entry of judgment under Federal Rule of Civil Procedure 50(b); to amend

9  or make additional factual findings under Rule 52(b); for attorneys' fees under Rule 54, but

10  only if the district court specifically extends the time to appeal under Rule 58; to alter or

11  amend the judgment under Rule 59; for a new trial under Rule 59; or for relief under Rule

12  60 if the motion is filed no later than 28 days after the judgment is entered.  Fed.R.App.P.

13  4(a)(4)(A).

14         In this case, the Court disposed of the Montoyas' motion for reconsideration before

15  the notice of appeal was filed and did not extend the time for an appeal pursuant to Rule 58

16  on Mr. Mizioch's motion for attorneys' fees.  The Montoyas filed their notice of appeal from

17  the Judgment to Mr. Mizioch on the Arizona slayer statute issues on September 6, 2011.

18  They did not file their pending Rule 60(b) motion until November 8, 2011, which is more

19  than 28 days after the entry of Judgment on August 8, 2011.  The Rule 60(b) motion

20  therefore did not toll the notice of appeal, which was effective on September 6, and the Court

21  lacks jurisdiction to dispose of the Rule 60(b) motion.  *See Miller v. Marriott Int'l, Inc.*, 300

22  F.3d 1061, 1063-64 (9th Cir. 2002).

23         Because the Montoyas did not file the Motion for Relief from Judgment within

24  twenty-eight days of the entry of Judgment, the filing of their Notice of Appeal on September

25  ───────────────

26         [1]There is an exception to this rule that allows a district court to suspend, modify,
    restore, or grant an injunction during the pendency of an appeal in order to maintain the
27  status quo.  *Nat'l Resources*, 242 F.3d at 1166.  That exception is not applicable here.

28

6, 2011 divested this Court of jurisdiction to decide the Motion for Relief from Judgment.

Accordingly,

**IT IS ORDERED** Denying the Montoyas' Motion for Relief From Judgment (Doc. 255).

**IT IS FURTHER ORDERED** that the Montoyas shall file a notice and copy of this Order with the Ninth Circuit Court of Appeals in Case Number 11-17162.

DATED this 14th day of March, 2012.

James A. Teilborg
United States District Judge

- 5 -