**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Protective Life Insurance Company, a Tennessee Corporation, | No. 2:10-CV-01728-PHX-JAT (Lead) No. 2:10-CV-02341-PHX-ROS (Cons) |
| Plaintiff, | **ORDER** |
| vs. | |
| Peter Mizioch, an Arizona resident; The Estate of Phyllis A. Mizioch; Jimmy Ray Montoya, an Arizona resident; Mark Casey Montoya, an Arizona resident; Russell Lynn Montoya, an Arizona resident, | |
| Defendants. | |
| Peter Mizioch, an Arizona resident, | |
| Cross-Claimant, | |
| vs. | |
| Jimmy Ray Montoya, an Arizona resident; Mark Casey Montoya, an Arizona resident; Russell Lynn Montoya, an Arizona resident, | |
| Cross-Defendants. | |
| Mark Casey Montoya, an Arizona resident; Russell Lynn Montoya, an Arizona resident, | |
| Cross-Claimants, | |
| vs. | |
| Peter Mizioch, an Arizona resident, | |

| | |
|---|---|
| 1 | Cross-Defendant. |
| 2 | AXA Equitable Life Insurance Company, a New York Stock Company, |
| 3 | |
| | Plaintiff, |
| 4 | |
| 5 | vs. |
| 6 | Peter Mizioch, an Arizona resident; The Estate of Phyllis A. Mizioch; Jimmy Ray Montoya, an Arizona resident; Mark Casey Montoya, an Arizona resident; Russell Lynn Montoya, an Arizona resident, |
| 7 | |
| 8 | |
| 9 | Defendants. |
| 10 | Peter Mizioch, an Arizona resident, |
| 11 | Cross-Claimant, |
| 12 | vs. |
| 13 | Jimmy Ray Montoya, an Arizona resident; Mark Casey Montoya, an Arizona resident; Russell Lynn Montoya, an Arizona resident, |
| 14 | |
| 15 | |
| 16 | Cross-Defendants. |

Currently pending before the Court is the Montoyas' Motion for Relief From Judgment (Doc. 255). The Court denies the Motion because it lacks jurisdiction to decide the Motion.

**PROCEDURAL BACKGROUND**

The Court will not recount the full factual background of the case here, but will instead recount only the procedural history pertinent to the pending Motion. Mr. Mizioch cross-claimed for declaratory relief against the Montoyas. In those cross-claims, Mr. Mizioch alleges that, having made all annual premiums on the Protective Life and AXA policies (the "Policies"), he is the legal beneficiary of their proceeds. He argues that disqualification under the Arizona slayer statute is the only reason he would not be entitled to the Policies' proceeds and: 1) the Montoyas failed to petition the Court to make findings

1 under the slayer statute as required by A.R.S. §14-2803(F) and 2) there is insufficient evidence as a matter of law to disqualify Mr. Mizioch under the slayer statute.

On August 1, 2011, the Court granted Mr. Mizioch's Motion for Partial Summary Judgment (Doc. 82) as to his claims for declaratory relief against the Montoyas. (Doc. 210.) Because the Montoyas did not properly respond to Mr. Mizioch's Statement of Facts in Support of his Motion for Partial Summary Judgment, the Court deemed his Statement of Material Facts admitted for purposes of the Motion for Partial Summary Judgment. The Court therefore accepted Mr. Mizioch's time line of events for the day of Phyllis's murder, as well as his statement that he had nothing to do with her death. The Court consequently found that for the purposes of the Motion for Partial Summary Judgment on claims for declaratory relief, the Montoyas had not met their burden of demonstrating an issue of material fact existed regarding Mr. Mizioch's responsibility for Phyllis's death. The Court therefore granted partial summary judgment to Mr. Mizioch and vacated the Arizona slayer statute hearing.

Finding no just reason for delay, the Court directed the Clerk to enter final judgment for Mr. Mizioch on his cross-claims for declaratory relief against the Montoyas. (Doc. 214.) The Clerk entered Judgment on August 8, 2011. (Doc. 215.)

Also on August 8, 2011, the Montoyas filed a Motion for Reconsideration of the Court's Order granting partial summary judgment to Mr. Mizioch. The Court granted the Motion for Reconsideration, but denied the Montoyas' requested relief from the August 12, 2011 Order. (Doc. 219.) The Montoyas filed a Notice of Appeal from the Judgment on September 6, 2011. (Doc. 229.) The Montoyas then filed a Motion for Relief from the Judgment in this Court on November 8, 2011. (Doc. 255.)

## **ANALYSIS AND CONCLUSION**

Once a notice of appeal is filed, this Court is divested of jurisdiction over the matters being appealed. *Nat'l Resources Defense Council v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Divestiture of jurisdiction promotes judicial economy and avoids the

- 3 -

confusion that could result from having the same issues before two courts simultaneously. *Id.*[1]

But the filing of certain motions tolls the effective date of a notice of appeal. Federal Rule of Appellate Procedure 4(a)(4)(B)(1) provides that if a party files a notice of appeal after entry of judgment, but before the Court disposes of any of the motions listed in Federal Rule of Appellate Procedure 4(a)(4)(A), then the notice of appeal does not become effective until the court disposes of the last of those remaining motions. The Rule 4(a)(4)(A) motions are motions: for entry of judgment under Federal Rule of Civil Procedure 50(b); to amend or make additional factual findings under Rule 52(b); for attorneys' fees under Rule 54, but only if the district court specifically extends the time to appeal under Rule 58; to alter or amend the judgment under Rule 59; for a new trial under Rule 59; or for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered. Fed.R.App.P. 4(a)(4)(A).

In this case, the Court disposed of the Montoyas' motion for reconsideration before the notice of appeal was filed and did not extend the time for an appeal pursuant to Rule 58 on Mr. Mizioch's motion for attorneys' fees. The Montoyas filed their notice of appeal from the Judgment to Mr. Mizioch on the Arizona slayer statute issues on September 6, 2011. They did not file their pending Rule 60(b) motion until November 8, 2011, which is more than 28 days after the entry of Judgment on August 8, 2011. The Rule 60(b) motion therefore did not toll the notice of appeal, which was effective on September 6, and the Court lacks jurisdiction to dispose of the Rule 60(b) motion. *See Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063-64 (9th Cir. 2002).

Because the Montoyas did not file the Motion for Relief from Judgment within twenty-eight days of the entry of Judgment, the filing of their Notice of Appeal on September

---

[1] There is an exception to this rule that allows a district court to suspend, modify, restore, or grant an injunction during the pendency of an appeal in order to maintain the status quo. *Nat'l Resources*, 242 F.3d at 1166. That exception is not applicable here.

- 4 -

6, 2011 divested this Court of jurisdiction to decide the Motion for Relief from Judgment.

Accordingly,

**IT IS ORDERED** Denying the Montoyas' Motion for Relief From Judgment (Doc. 255).

**IT IS FURTHER ORDERED** that the Montoyas shall file a notice and copy of this Order with the Ninth Circuit Court of Appeals in Case Number 11-17162.

DATED this 14th day of March, 2012.

_____
James A. Teilborg
United States District Judge

- 5 -