**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Protective Life Insurance Co. and AXA Equitable Life Insurance Co., <br><br> Plaintiffs, <br><br> v. <br><br> Peter J. Mizioch; Estate of Phyllis A. Mizioch; Jimmy Ray Montoya; Mark Casey Montoya; and Russel Lynn Montoya, <br><br> Defendants. | No. CV10-1728-PHX-JAT <br><br> **ORDER** |

The Montoyas filed a Motion for Indicative Ruling Pursuant to Rule 62.1 on May 17, 2012. (Doc. 273.) The Montoyas are seeking a limited remand from the Ninth Circuit Court of Appeals for this Court to decide the Motion for Relief from Judgment (Doc. 255) filed on November 8, 2011. The Montoyas want this Court to either indicate that it would grant the Motion for Relief, if it had jurisdiction, or find that the Motion raises a substantial issue.

Federal Rule of Civil Procedure 62.1 provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that he motion raises a

substantial issue.

F.R.Civ.P. 62.1(a).

The Court already has exercised the option set out in subparagraph one of Rule 62.1(a). The Court denied the Motion for Relief from Judgment for lack of jurisdiction on March 14, 2012 (Doc. 267). Rule 62.1(a)'s courses of action are set out in the disjunctive. Because the Court already elected to deny the Motion for Relief for lack of jurisdiction, it will not now state whether it would grant the Motion or whether the Motion raises a substantial issue.

Accordingly,

**IT IS ORDERED** Denying the Montoyas' Motion for Indicative Ruling Pursuant to Rule 62.1 (Doc. 273).

Dated this 21st day of May, 2012.

James A. Teilborg
United States District Judge