**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Protective Life Insurance Co. and AXA Equitable Life Insurance Co., | No. CV10-1728-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Peter J. Mizioch; Estate of Phyllis A. Mizioch; Jimmy Ray Montoya; Mark Casey Montoya; and Russell Lynn Montoya, | |
| Defendants. | |

Currently pending before the Court are: the Motion to Stay (Doc. 225) and Motion for Entry of Default (Doc. 235) filed by Mark and Russell Montoya and the Motion to Distribute Insurance Proceeds (Doc. 230) and Motion for Summary Judgment on the Montoyas' Cross-Claim (Doc. 253) filed by Peter Mizioch. The Court now rules on the Motions.

## I.     BACKGROUND

Peter Mizioch married Phyllis Mizioch for the first time in October of 1995. They divorced in July of 1997, but remarried in March of 2005. On December 28, 1999, Mr. Mizioch applied for a life insurance policy with Protective Life Insurance Company ("Protective Life") for the life of Phyllis Mizioch. That same day, Protective Life issued policy #PL0675396 (the "Protective Life Policy") on the life of Phyllis Mizioch with a death benefit of $1,000,000. Mr. Mizioch is the primary beneficiary of the Protective Life Policy; Phyllis Mizioch's Estate is the contingent beneficiary.

On September 20, 2007, Mr. Mizioch applied for a life insurance policy with AXA Equitable Life Insurance Company ("AXA") for the life of his wife Phyllis Mizioch. On December 1, 2007, AXA issued policy #J 107 024 229 (the "AXA Policy") on the life of Mrs. Mizioch with a death benefit of $3,500,000. Mr. Mizioch is the primary beneficiary of the AXA Policy; Mrs. Mizioch's Estate is the contingent beneficiary.

Peter and Phyllis Mizioch were separated in the summer of 2010 and were contemplating filing for divorce. Peter, Phyllis, Peter's daughter from another marriage, Marilyn Ortega, and Edward Maciag, Mr. Mizioch's long-time business associate, all met at Phyllis's North Central Phoenix home around 4:00 p.m. on July 6, 2010 to discuss the impending divorce and inventory property. The meeting lasted about thirty (30) minutes. Peter and Phyllis Mizioch disagreed about various issues relating to the distribution of property.

Phyllis Mizioch was murdered in the kitchen of her home some time later that evening. Dakota Guinn, a step-niece who was residing with Phyllis, discovered her body around 10:00 p.m. that night when Ms. Guinn returned home. Phyllis had three gunshot wounds to her head, neck, and upper torso.

On July 21, 2010, the Phoenix Police Department informed Protective Life that the Department considered Peter Mizioch a suspect in Phyllis's homicide. Pursuant to A.R.S. §14-2803 (Arizona's so-called "slayer statute"), a "person who feloniously and intentionally kills the decedent forfeits all benefits under this chapter with respect to the decedent's estate," and the felonious killing revokes any revocable "disposition or appointment of property made by the decedent to the killer in a governing instrument . . ." A.R.S. §14-2803 (A) &(B)(1)(a). Protective Life therefore would not process the claim submitted to it by Peter Mizioch on July 19, 2010.

Both Protective Life and AXA filed interpleader complaints with the Court. Because competing claims to both Policies would prevail if Peter Mizioch is prohibited from recovering under the Policies pursuant to A.R.S. §14-2803B(1)(a), the insurance companies filed suit to have the Court resolve the slayer statute issues and determine the

proper beneficiaries of the Policies.  Protective Life and AXA named Peter Mizioch, the Estate of Phyllis A. Mizioch, and Jimmy, Mark, and Russell Montoya, Phyllis's sons from a prior relationship, as Defendants in the interpleader actions.   The Court consolidated the AXA interpleader action, CV10-02341-PHX-ROS, with the Protective Life interpleader action on March 9, 2011 (Docs. 110 & 111).

In the Protective Life action, Peter Mizioch filed cross-claims against Protective Life and Jimmy, Mark, and Russell Montoya.  Mr. Mizioch alleged that Protective Life breached the insurance contract, acted in bad faith, and breached the covenant of good faith and fair dealing.  He voluntarily dismissed all cross-claims against Protective Life on December 13, 2010 (Doc. 52).

Mr. Mizioch alleged that Mark and Russell Montoya interfered with his contract with Protective Life, interfered with business expectancies, and aided and abetted tortious conduct.  Mr. Mizioch also filed a counter-claim for declaratory relief against Protective Life and Jimmy, Mark, and Russell Montoya.  Mr. Mizioch stipulated to dismissal fo the aiding and abetting cross-claim against the Montoyas.  (Doc. 56.)  Mark and Russell Montoya filed cross-claims against Mr. Mizioch in the Protective Life case for wrongful death and intentional infliction of emotional distress.  In the AXA action, Peter Mizioch cross-claimed against Mark and Russell Montoya for interference with contract and interference with business expectancies and against Jimmy, Mark, and Russell Montoya for declaratory relief.

The Court granted Protective Life's Motion to Deposit Funds (Doc. 31) on February 20, 2011.  (Doc. 93.)  The Court dismissed Protective Life as a party on March 14, 2011.  (Doc. 116.)  On August 1, 2011, the Court granted the parties' Stipulation re Deposit of Disputed Funds and Dismissal of AXA Equitable Insurance Company (147), allowed AXA to deposit the policy proceeds with the Court, and dismissed AXA as a party.  (Doc. 210.)

Also on August 1, 2011, in the same Order, the Court: denied Mizioch's Motion to Dismiss the Montoyas' Cross-Claim (Doc. 69); denied the Montoyas' Rule 56(d) Motion

(Doc. 96); denied the Montoyas' Motion for Summary Judgment (Doc. 70); Granted Miziech's Motion for Partial Judgment on the Pleadings or Alternatively Motion for Partial Summary Judgment (Doc. 82) on his Cross-Claims for Declaratory Relief regarding entitlement to the insurance proceeds; vacated the Arizona slayer statute hearing; and denied the Montoyas' Motions to Strike Miziech's Motion for Partial Summary Judgment (Doc. 106) and the Declaration of James F. Bieleniewicz (Doc. 182). (Doc. 210.)   Finding no just reason for delay, the Court directed the Clerk to enter judgment for Miziech on his Cross-Claims for Declaratory Relief (Doc. 214), and the Clerk entered judgment for Miziech on August 8, 2011 (Doc. 215).

The Montoyas filed a Motion for Reconsideration and Seeking Stay of the Court's Orders dated August 1 and August 8, 2011 (Doc. 216) on August 8, 2011.  The Montoyas asked the Court, based on new evidence, to reconsider its Order granting partial summary judgment to Miziech on his cross-claims for declaratory relief and awarding him the Policies' proceeds.  (Doc. 216.)   The Montoyas sought reinstatement of the Arizona slayer statute hearing.  The Montoyas further requested that the Court stay execution of the August 8, 2011 Judgment for Miziech.  (Id.)  The Court declined to vacate its earlier Order awarding partial summary judgment to Miziech on his cross-claims for declaratory relief, but allowed the Montoyas to file further briefing, with legal support, regarding their Motion to Stay.  (Doc. 219.)

The Montoyas filed their Notice of Appeal from the Court's August 8, 2011 Judgment in favor of Miziech on September 6, 2011.  (Doc. 229.)  The Montoyas filed a Motion for Relief (Doc. 255) from that same Judgment on November 8, 2011.  The Court denied their Motion for Relief from Judgment because the Notice of Appeal divested the Court of jurisdiction.  (Doc. 267.)  The Court now turns to the pending Motions.

## II.   MOTION FOR ENTRY OF DEFAULT

The Court denied Miziech's Motion to Dismiss the Montoyas' Cross-Claim (Doc. 69) on August 1, 2011.  Nonetheless, Miziech had not answered the cross-claim as of September 19, 2011.  The Montoyas therefore moved for entry of default against Miziech

1    on their Cross-Claim.  (Doc. 235.)  Mizioch filed his Answer to the Cross-Claim the next
2    day, September 20, 2011.  (Doc. 236.)

3         Federal Rule of Civil Procedure 55(a) requires a party to petition for an entry of
4    default before it may be entered.  Also, for the Clerk to enter default against a party, that
5    party must have "failed to plead or otherwise defend."  F.R.Civ.P. 55(a).  Because
6    Mizioch's Answer is now on file, Mizioch has not failed to plead his case, and the
7    requirements for an entry of default under Fed. R. Civ. P. 55(a) are not met.

8         Moreover, the Montoyas have not shown that they were at all prejudiced by
9    Mizioch's untimely Answer to their Counter-Claim.  *Draper v. Coombs*, 792 F.2d 915,
10   924 -925 (9th Cir. 1986)("Draper has not made any showing of prejudice as a result of
11   Dick's failure to comply strictly with the time requirements of the Federal Rules of Civil
12   Procedure. We therefore cannot conclude that the district court abused its discretion in
13   denying the motions for a default judgment.")  Although Mizioch's Answer to the
14   Counter-claim was untimely, it nonetheless is "plead[ing] or otherwise defend[ing]," and
15   is sufficient to bar the entry of default.  The Court therefore will deny the Montoyas'
16   Motion for Entry of Default.

17        The Montoyas also included another motion for reconsideration in the omnibus
18   pleading containing the Motion for Entry of Default.  "In this pleading, the Montoyas are
19   asking this Court to reconsider its ruling on August 1, 2011, on Mr. Mizioch's Motion for
20   Partial Summary Judgment on the Slayer Statute based on the new evidence presented
21   since that date."  (Doc. 235, p. 4.)  The Montoyas do not cite the legal basis for their
22   request for reconsideration.

23        The omnibus pleading including the request for reconsideration was filed on
24   September 19, 2011.  It therefore was filed after the Notice of Appeal, which the
25   Montoyas filed on September 6, 2011.  The request was not a timely Rule 59 motion to
26   amend a judgment because it was filed more than twenty-eight days after the entry of
27   Judgment on August 10, 2011.  F.R.Civ.P. 59(e).  And, if the request was a Rule 60
28   motion for relief from judgment, it did not toll the notice of appeal because it was not

filed within 28 days of the entry of the Judgment.  Therefore, because of the Notice of Appeal and for the reasons previously stated by the Court in its March 14, 2012 Order (Doc. 267), the Court no longer has jurisdiction to decide a motion to reconsider its August 1, 2011 Order or August 8, 2011 Judgment.   Accordingly, the Court denies the request for reconsideration included in the Montoyas' September 19, 2011 pleading.

The caption of the September 19, 2011 pleading reads, "Rely Memorandum in Support of the Montoyas' Brief Seeking a Stay, Motion to Supplement the Record, Request for Hearing, and Application for Entry of Default."  (Doc. 235.)  Although the caption contains the phrase "Motion to Supplement the Record," the pleading itself does not have a section dedicated to a request to supplement.  Nor is it clear which record the Montoyas would like to supplement, the record here or the record on appeal.  Because the Montoyas do not articulate a legal basis for supplementing either record, the Court will deny the request to supplement.

### III. MIZIOCH'S MOTION FOR SUMMARY JUDGMENT

Mr. Mizioch moves for summary judgment on the Montoyas' cross-claims for wrongful death and intentional infliction of emotional distress.  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED.R.CIV.P. 56(a).  "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  *Id.* 56(c)(1)(A)&(B).

Additionally, Local Rule of Civil Procedure 56.1 provides that any party filing a motion for summary judgment must file a statement, separate from the motion, which sets forth each material fact on which the party relies in support of the motion.  Each material fact in the separate statement must refer to a specific admissible portion of the

record where the fact finds support.  L.R.Civ.P. 56.1(a).  "Any party opposing a motion for summary judgment must file a statement . . . setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; **and** (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party." L.R.Civ.P.56.1(b)(emphasis added).  Each additional fact must be set out in a separately numbered paragraph and must refer to a specific, admissible portion of the record.  Id. Local rule further provides that the memoranda of law filed in opposition to a motion for summary judgment must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies in opposition to the motion.  L.R.Civ.P. 56.1(e).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion for summary judgment and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the non-movant to establish the existence of material fact.  *Id.*  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a *genuine* issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting FED.R.CIV.P. 56(e) (1963) (amended 2010)).  A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment.  *Id.* at 247–48. However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party.  *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

Mizioch moved for summary judgment on both the wrongful death cross-claim and the intentional infliction of emotional distress cross-claim because he argues the Montoyas have not demonstrated a genuine issue of fact exists regarding his responsibility for Phyllis's death.  Mizioch filed his Motion, Memorandum in Support, and accompanying Statement of Facts, all of which complied with the rules of procedure. Mizioch's statement of facts refers to specific, admissible portions of the record.

The Montoyas, on the other hand, once again failed to comply with Local Rule of Civil Procedure 56.1.  When the Court granted summary judgment to Mizioch on his declaratory relief cross-claims, it did so in part because the Montoyas completely failed to respond to Mizioch's statement of facts and the Court therefore deemed the facts true for purposes of resolving the motion.  This time, the Montoyas at least responded to each of Mizioch's separate facts in support of his motion for summary judgment on their wrongful death and intentional infliction of emotional distress claims.

Unfortunately, the Montoyas did not cite to specific admissible portions of the record in disputing each of Mizioch's separate statement of fact, as required by local rule. Many of their responses contain only legal argument.  And their additional statement of facts demonstrating a factual issue for trial completely fails to comply with Local Rule 56.1(a).  That section of the Montoyas' response reads, in its entirety:

> As and for the Montoyas' Statement of Facts, they incorporate the following pleadings, depositions, and deposition excerpts in those pleadings:
> 1. The Cross-Claim filed by the Montoyas in this case on December 5, 2011, and the Exhibits attached thereto, Docket #46;
> 2. The Motion for Relief from Judgment and the Exhibits attached thereto, Docket #255;
> 3. The Rely Memorandum in Support for Relief from Judgment, and the Exhibits attached thereto, Docket #262;
> 4. The Second Deposition of James Bieleniewicz and the Exhibits attached thereto, Docket #252;
> 5. The Supplemental Pleading of Mark and Russell Montoya filed on May 2, 2011, and the Exhibits attached thereto,

Docket #183;

6. The Reply Memorandum in support of the Montoyas' Brief Seeking a Stay, Docket #235;

7. Brief of the Montoyas on their Motion Seeking a Stay, Docket #255; and,

8. Supplement to the Montoyas' Reply Memorandum, Docket #244.

(Doc. 264, p. 17.)

Local Rule 56.1(b) provides that a party opposing a motion for summary judgment must file a separate statement setting forth "any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific, admissible portion of the record where the fact finds support." The Montoyas' separate statement of facts contains no facts whatsoever and it certainly does not refer to a specific portion of the record. The Montoyas only cite generally to their prior briefing and their cross-claim. Legal arguments are not facts, and a party opposing summary judgment must "go beyond the pleadings and, by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

Local Rule 56.1(e) provides that a memorandum in opposition to a motion for summary judgment must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies. Not surprisingly, because the Montoyas did not draft a separate statement of facts demonstrating a disputed issue for trial, their response memorandum does not cite to specific paragraphs in the statement of facts as required by Local Rule 56.1(e).

The Court can enter summary judgment against a party if that party violates the local rule "expressly indicat[ing] that the [nonmoving party] had an affirmative burden to list genuine issues with appropriate record citations in order to withstand the motion for

summary judgment." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010)(citing *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1545 (9th Cir.1988)).  The Court has no independent duty "to scour the record in search of a genuine issue of triable fact," and may "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Id.* (citing *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir.1996)). "Judges are not like pigs, hunting for truffles buried in briefs." *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)(quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)).

The Montoyas' Response to Mizioch's Motion for Summary Judgment does not comply with the rules of procedure.  Defense counsel did not draft a separate statement of facts that cites to admissible portions of record and, consequently, the Montoyas' response memorandum does not cite to facts in support of their position.  This Court will not undertake to scour the record for a triable fact just because defense counsel did not comply with Local Rule of Civil Procedure 56.1, especially given the earlier failure to comply with the rules when drafting the Response to Mizioch's Motion for Partial Summary Judgment on his cross-claims for declaratory relief.  The Court therefore will grant Mizioch's Motion for Summary Judgment on the Montoyas' Cross-Claim.

## IV. MOTION TO STAY AND MOTION TO DISTRIBUTE PROCEEDS

The Montoyas first filed a motion to stay the Court's Order of August 1, 2011 and consequent Judgment on August 8, 2011.  (Doc. 216.)  In its August 12, 2011 Order, the Court allowed the Montoyas to file supplementary briefing, this time with proper legal citation, regarding staying execution of the August 8 Judgment.  (Doc. 219.)  The Montoyas filed their "Brief . . . on Their Motion Seeking a Stay of the Court's Orders" (Doc. 225) on September 1, 2011, but dedicated only two paragraphs of the ten-page brief to the motion to stay.  When he responded to the supplemental briefing on the Montoyas' motion to stay, Mizioch filed his own Motion to Distribute the Insurance Proceeds.  (Doc. 230.)

Neither party mentions Federal Rule of Civil Procedure 62(h) in their stay briefing. Rule 62(h) reads, "A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered." The decision to grant a stay pursuant to Rule 62(h) is within the Court's discretion. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 955 (9th Cir. 2006).

The Court certified its Judgment in favor of Mizioch on his claims for declaratory relief under Rule 54(b). In this Order, the Court has granted judgment to Mizioch on the Montoyas' cross-claims. But Mizioch's cross-claims against the Montoyas for interference with contract and interference with business expectancies still remain for adjudication. The Court therefore will stay execution of its certified August 8, 2011 Judgment until the Court enters final judgment on all claims in this case. In reaching this decision, the Court has considered the important public policy behind Arizona's slayer statute and the possibility that the Ninth Circuit Court of Appeals will disagree with the undersigned's decision vacating the slayer statute hearing.

Rule 62(h) allows the Court to prescribe any terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered, and the Court will condition the stay on the Montoyas posting a bond. Mr. Mizioch attached the Expert Report of Brendan Kennedy, CPA, to his Motion to Distribute Insurance Proceeds. (Exh. 4 to Doc. 230.) Mr. Kennedy estimated that from the period of August 19, 2010 to September 13, 2011, Mr. Mizioch's earnings on the insurance proceeds would have been $51,965 to $200,983, if he had invested the proceeds in Treasury bills. Mr. Kennedy also provided earnings ranges for if Mizioch had invested in the Down Jones Industrial or S&P500 Index. But given the volatile nature of the stock market and the generally sluggish economy, the Court will use the low end of the Treasury bill investment estimate to set the bond amount.

If the Court uses $51,965 as the starting point, Mr. Kennedy estimates that

Mizioch could have made approximately $133 a day by investing the insurance proceeds in Treasury bills.  The Court entered Judgment for Mizioch, awarding him the insurance proceeds, on August 8, 2011, and oral argument on the Motion to Stay and Motion to Distribute Proceeds is set for June 18, 2012.  Using Mr. Kennedy's $133 a day figure, Mizioch could have made approximately $94,000 between August 8, 2011 and June 18, 2012 by investing the insurance proceeds in treasury bills.  The Court therefore will set bond in the amount of $94,000.

The Montoyas must post a bond of $94,000 with the Clerk of the Court within thirty (30) days of the date of this Order.  Stay of the Judgment to Mr. Mizioch for the insurance proceeds is conditioned upon the Montoyas posting the $94,000 bond.  If the Montoyas fail to post the bond within thirty days of this Order, then execution of the Judgment for Mr. Mizioch will no longer be stayed.  If the Montoyas fail to post the bond within the time prescribed by this Order, Mr. Mizioch shall file a renewed motion to distribute the insurance proceeds with a proposed order indicating the method for payment of the insurance proceeds.

Accordingly,

**IT IS ORDERED** Granting the Montoyas' Motion to Stay (Doc. 225) execution of the August 8, 2011 Judgment, but the Court will stay execution only if the Montoyas post a bond of $94,000 with the Clerk of the Court within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** Denying Mr. Mizioch's Motion to Distribute the Insurance Proceeds (Doc. 230) without prejudice to re-filing if the Montoyas fail to post the required bond.

**IT IS FURTHER ORDERED** Denying the Montoyas' Motion for Entry of Default (Doc. 235).

**IT IS FURTHER ORDERED** Granting Mr. Mizioch's Motion for Summary Judgment on the Montoyas' Cross-Claim (Doc. 253). The Court enters judgment for Mr. Mizioch on the Montoyas' claims for wrongful death and intentional infliction of

1    emotional distress.

2         Dated this 21st day of June, 2012.

3

4

5                                        _____
                                             James A. Teilborg
6                                        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28